**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | No. 25 CR 266 |
| v. | ) ) | Chief Judge Virginia M. Kendall |
| RALEIGH THOMAS | ) ) ) ) | |
| *Defendant.* | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Raleigh Thomas is a convicted felon charged with possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Thomas moves to dismiss this count of the indictment, arguing that the charge violates the Second Amendment. (Dkt. 23). For the following reasons, the Court denies Thomas' Motion to Dismiss.

**BACKGROUND**

On October 2, 2024, Thomas was in a car crash on I-90.[1] When authorities arrived, they reported that Thomas and others were walking away from the crash. Thomas, however, is reported to have walked back to one of the crashed cars. He then opened the rear passenger door and removed a firearm. The officer that witnessed this approached Thomas and Thomas dropped the gun. The officer tried to detain Thomas, but Thomas resisted. During the struggle, Thomas punched the officer and they both fell to the ground. While on the ground Thomas stated that he had another gun in his pants and reached for it. Right then another officer arrived and, with the second officer's help, the two officers restrained Thomas before he could reach his weapon. The authorities

---

[1] Thomas provided no specific background facts in his motion (Dkt. 23 at 1-2); the following facts are from the Government's response unless otherwise noted. (Dkt. 25 at 3-4).

recovered both guns: a Glock 21 .45 caliber pistol and a Smith & Wesson M&P Shield .40 caliber pistol. (Dkt. 3).

Thomas was a convicted felon at the time of this incident and was prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1). He has been convicted of four felonies: possession of a controlled substance, felon in possession of a firearm, aggravated assault of a peace officer with a weapon, and conspiracy to distribute a controlled substance. (Dkt. 12 at 3-8).

On May 14, 2025, a grand jury indicted Thomas with knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count I) and forfeiture of both guns and any associated ammunition. (Dkt. 3 at 1-2). Thomas moves to dismiss Count I of the Indictment on Second Amendment grounds, challenging § 922(g)(1) facially and as applied to him. (Dkt. 23). Thomas filed his motion, however, purely for preservation purposes. (*Id.* at 3). He noted that he was aware of this Court's prior rulings and stated that it is "unlikely that [he] will conjure novel arguments here, and this Court might not want to re-read arguments that have previously been made." (*Id.*) He further conceded that it "is unlikely to impact the questions already under consideration by the appellate courts . . . that seem destined for the Supreme Court." (*Id.*) He further conceded that although he "is aware that this Court is likely to deny this motion, it would be irresponsible of counsel not to preserve this issue." (*Id.*) He provided no specific arguments for his challenges. Instead, he stated that his "facial challenge is made for all the reasons discussed in previous briefs this Court has read on this issue, which would include *United States v. Dixon*, N.D. Ill. Case. No. 22 CR 140." (*Id.* at 3-4). His "as-applied challenge" is one sentence: "that for someone with [his] history and characteristics, there is an insufficient showing of untrustworthiness or dangerousness to justify a lifetime or even short-term prohibition of his exercise of a right enshrined in the Second Amendment to the Constitution." (*Id.* at 4).

**LEGAL STANDARD**

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits," Fed. R. Crim. P. 12(b)(1), such as a constitutional violation. *United States v. Holloway*, 74 F.3d 249, 253 (11th Cir. 1996). When considering a motion to dismiss a criminal indictment, the Court assumes all facts are true and views them in the light most favorable to the government. *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) (per curiam) ("An indictment is reviewed on its face, regardless of the strength or weakness of the government's case.").

**DISCUSSION**

Thomas claims that 18 U.S.C. § 922(g)(1) is unconstitutional facially and as applied to him based on the arguments that were raised—and rejected—in *Dixon*. (Dkt. 23). First, the Court will briefly summarize Second Amendment jurisprudence, including the appropriate standard for evaluating constitutional challenges. The Court will then evaluate the merits of Thomas' claims.

## I. Second Amendment Jurisprudence

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court recognized that the Second Amendment enshrines "the individual right to possess and carry weapons." 554 U.S. 570, 592 (2008). At the same time, "the right secured by the Second Amendment is not unlimited." *Id.* at 626. In particular, the Court explained that "nothing . . . should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27.

These laws enjoy a presumption of constitutionality. *Id.* at 627 n.26. Two years later, in *McDonald v. City of Chicago*, the Court incorporated the Second Amendment right against the states, repeating the "assurances" from *Heller* that the Court was not doubting "longstanding regulatory measures" like the prohibition on the possession of firearms by felons. 561 U.S. 742, 786 (2010) (citing *Heller*, 554 U.S. at 626-627).

In *New York State Rifle & Pistol Association, Inc. v. Bruen*, the Supreme Court established the new test for assessing the constitutionality of firearm regulations, holding that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 597 U.S. 1, 17 (2022). If the conduct is presumptively protected, the government then has the burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19.

Most recently, in *United States v. Rahimi*, the Court clarified that its recent Second Amendment cases "were not meant to suggest a law trapped in amber," and that the Second Amendment "permits more than just those regulations identical to ones that could be found in 1791." 602 U.S. 680, 691-92 (2024). The *Rahimi* Court reaffirmed and applied *Bruen*, explaining that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Id.* at 692 (citing *Bruen*, 597 U.S. at 26-31). This requires the court to ascertain "whether the new law is 'relevantly similar' to laws that our tradition is understood to permit." *Id.* "[C]entral to this inquiry" is "[w]hy and how the regulation burdens the right." *Id.* (citing *Bruen*, 597 U.S. at 29). Following the guidance from *Rahimi*, "if laws at the founding regulated firearm use to address particular problems, that will be a strong indicator that contemporary laws imposing similar restrictions for similar reasons fall within a permissible category of regulations." *Id*. Further, even "when a challenged regulation does

4

not precisely match its historical precursors, 'it still may be analogous enough to pass constitutional muster,'" so long as the law "comport[s] with the principles underlying the Second Amendment." *Id.* (quoting *Bruen*, 597 U.S. at 30).

Applying the *Bruen* test and following principles from *Rahimi*, the Court will now address whether § 922(g)(1) is constitutional on its face and as applied to Thomas. First, the Court will consider whether Thomas' alleged conduct is covered under the plain text of the Second Amendment. If yes, the Court will then evaluate whether the government has met its burden to show that § 922(g)(1) is consistent with "this Nation's historical tradition of firearm regulation." *Rahimi*, 602 U.S. at 689 (quoting *Bruen*, 597 U.S. at 24).

**II.    18 USC § 922(g)(1)**

This Court recently upheld the constitutionality of § 922(g)(1) under *New York State Rifle & Pistol Association v. Bruen* in several orders denying motions to dismiss indictments involving both violent and non-violent felons.[2] The Court sees no reasons to deviate from its past decisions. Thomas offers none. Thomas' claims fail because felons are not among "the people" protected by the Second Amendment, and the Second Amendment has historically been understood as protecting law-abiding individuals. *Id.*

**A.  Facial Challenge**

**1.  Plain Text**

The first step of the *Bruen* test requires the Court to examine whether the "plain text" of the Second Amendment covers the possession of firearms by convicted felons. *United States v.*

---

[2] *See United States v. Castillo*, 2025 WL 92565 (N.D. Ill. Jan. 14, 2025); *United States v. McKay*, 2024 WL 1767605 (N.D. Ill. Apr. 24, 2024); *United States v. Brown*, 2023 WL 8004290 (N.D. Ill. Nov. 17, 2023); *United States v. Hall*, 2023 WL 8004291 (N.D. Ill. Nov. 17, 2023); *United States v. Hardy*, 2023 WL 6795591 (N.D. Ill. Oct. 13, 2023); *United States v. Johnson*, 2023 WL 6276562 (N.D. Ill. Sept. 26, 2023); *United States v. Clark*, No. 146 (N.D. Ill. Sept. 7, 2023); *United States v. Dixon*, 2023 WL 2664076 (N.D. Ill. Mar. 28, 2023).

*Carbajal-Flores*, 143 F.4th 877, 881 (7th Cir. 2025); *Atkinson v. Garland*, 70 F.4th 1018, 1020 (7th Cir. 2023) (citing *Bruen,* 597 U.S. at 17). The Second Amendment grants the right to bear arms to "the people." U.S. Const. amend. II.

Thomas raises no independent argument. Instead, his "facial challenge is made for all the reasons discussed in previous briefs this Court has read on this issue, which would include *United States v. Dixon*, N.D. Ill. Case. No. 22 CR 140." (Dkt. 23 at 3-4). Thomas' challenge is therefore denied for all the reasons discussed in this Court's previous Orders on this issue, including the one in *United States v. Dixon*, Case. No. 22 CR 140, Dkt. 76 at 1-11 (N.D. Ill. Mar. 28, 2023) (Memorandum Opinion and Order denying Dixon's motion to dismiss on Second Amendment grounds); *see supra* at n.2 (collecting cases).

## III. As-Applied Challenge

Thomas argues that § 922(g)(1) is unconstitutional as applied to him because, considering "someone with [his] history and characteristics, there is an insufficient showing of untrustworthiness or dangerousness to justify a lifetime or even short-term prohibition of his exercise of a right enshrined in the Second Amendment to the Constitution." (Dkt. 23 at 4). He also notes that some of his prior offenses involve conduct dating back a decade or more. (*Id.* at 1-2 (noting older offenses in his background section)).

Neither the Supreme Court nor the Seventh Circuit have explicitly authorized as-applied challenges to § 922(g)(1), but the Seventh Circuit has assumed for argument's sake that "there is some room" for such challenges. *United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024); *United States v. Carbajal-Flores*, 143 F.4th 877, 888 (7th Cir. 2025) (recognizing that "some courts have left open the possibility of allowing non-violent felons to challenge the constitutionality of that provision as applied to them").

6

If a defendant calls for an individualized assessment, he must present historical evidence supporting a different outcome. *See Atkinson*, 70 F.4th at 1024. Thomas presented none. He has therefore failed to present sufficient historical evidence to support the individualized assessment he seeks. *See United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("[W]e conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"); *Atkinson*, 70 F.4th at 1027 (Wood, J., dissenting) (suggesting that enabling individuals to seek to establish a case-specific exemption from a generally applicable criminal law would create "an arbitrary patchwork of decisions—as far from the rule of law as one could image").

Courts also consider the nature of a defendant's criminal history when determining if they are the type of individual that the statute constitutionally prevents from possessing a firearm. *Gay*, F.4th at 846-47. In *Gay,* the Seventh Circuit considered the defendant's 22 previous convictions, including aggravated battery of a police office and possessing a weapon while in prison, and his attempt to flee from the police before his arrest. *Id.* at 847. The Court concluded that, based on this, the defendant was not a "law-abiding, responsible person who has a constitutional right to possess firearms." *Id.* (internal citations omitted). Thomas has a lengthy criminal background, including felonies involving violent conduct, firearms, and controlled substances. (Dkt. 12 at 3-8). Thomas also punched a police officer and attempted to pull a handgun on at least one officer during the fight and arrest at issue in this case. *Id.* That Thomas also committed offenses in 2009, 2013, and 2016 aggravates these facts. Thomas' criminal history shows a propensity to disobey the law. The Court finds that § 922(g)(1) is constitutional as applied to Thomas and does not violate the Second Amendment. *United States v. McDowell*, 2026 WL 266142, at *3 (N.D. Ill. Feb. 2, 2026) (rejecting as-applied challenge where defendant had multiple felony convictions that were more

than 10 years old); *United States v. Donald*, 732 F. Supp. 3d 937, 942 (N.D. Ill. 2024) (same where defendant had two non-violent felonies, both over seven years old).

## CONCLUSION

Thomas' Motion to Dismiss is denied. (Dkt. 23).

_____
Virginia M. Kendall
United States District Judge

Date: March 19, 2026

8